**SIGNED THIS: February 28, 2014**

_____
**Mary P. Gorman
United States Chief Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re | ) | |
| | ) | Case No. 13-70412 |
| NANCY STICE, | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| CITY OF ROODHOUSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 13-7034 |
| | ) | |
| NANCY STICE, | ) | |
| | ) | |
| Defendant. | ) | |

# O P I N I O N

This case is before the Court for decision after trial of Count II of the Plaintiff's complaint

seeking to deny the Debtor a discharge. Because the Plaintiff has met its burden of proof as to the Debtor's concealment of assets and making of false oaths, the Debtor's discharge will be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Nancy Stice ("Debtor") filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code on March 7, 2013. On her Schedule A–Real Property, the Debtor listed her residence in Roodhouse, Illinois, and an adjacent lot improved with a two-car garage. Both tracts are encumbered by mortgages. No other real property was scheduled.

The City of Roodhouse ("City") filed a claim in the case for a debt stemming from the Debtor's October 18, 2012, conviction in the Circuit Court of Illinois, Greene County, for theft of government property and official misconduct committed during the course of the Debtor's employment with the City. The Debtor's sentence consisted, in part, of twelve months home confinement and restitution in the amount of $86,975.04 payable to the City.

On June 14, 2013, the City timely filed a complaint objecting to the Debtor's discharge pursuant to 11 U.S.C. §727(a)(2)(A) and §727(a)(4)(A).[1] The complaint alleged that the Debtor concealed her interest in certain real estate with the intent to delay, hinder, or defraud her creditors. The complaint also alleged that the Debtor made a false oath by signing the Declaration of Schedules, stating "under penalty of perjury" that the documents were "true and correct." Copies of two deeds to real estate in Greene County, Illinois, were attached to the complaint. The deeds were signed on March 24 and April 23, 2004, by Robert and Doris Gehrig, the Debtor's stepfather and mother, and executed in favor of the Debtor and her two brothers. Together, the deeds conveyed to

---

[1] The complaint also sought to have the debt owed to the City declared nondischargeable pursuant to 11 U.S.C. §523(a)(4). Although the Debtor concedes that the debt owed to the City is nondischargeable, this Court will not address the discharge of a particular debt until the objection to discharge has been resolved. There is no reason to consider whether a debt will be excepted from discharge until it is determined whether a discharge will be granted in the first place.

-2-

the Debtor and her two brothers four tracts of Greene County real estate ("Greene County properties") including a forty-acre tract, a thirty-acre tract, the residence where the Debtor's mother currently resides, and a rental home. Under both deeds, the Debtor's mother and stepfather retained life estates, creating remainder interests in favor of the Debtor and her brothers. In her answer to the complaint, the Debtor denied the City's allegations, stating that she only began to investigate her potential interest in the Greene County properties after receiving the City's complaint with the deeds attached as exhibits. On September 23, 2013, however, the Debtor filed an Amended Schedule A, listing her interest in all four parcels and their collective value at $310,000.

At trial, the Debtor admitted that the Greene County properties were not listed on her original schedules. The Debtor also admitted that she did, in fact, have an interest in the Greene County properties at the time of filing. The Debtor testified that she read her petition and schedules before signing them and declaring under oath that they were true and accurate. The Debtor admitted to also verifying the accuracy of her schedules at her initial meeting of creditors with the Chapter 7 trustee.

Despite denying any knowledge of her interest in the Greene County properties prior to receiving the City's complaint, the Debtor admitted to having been questioned about the properties in a state civil action brought by the City following her criminal conviction. The Debtor acknowledged testifying as to her financial condition at a February 8, 2013, hearing in that civil action. Specifically, the Debtor acknowledged being asked by the City's attorney at the February 8th state court hearing about whether she had an interest in the forty-acre tract, the thirty-acre tract, her mother's home, and the rental property. The Debtor further acknowledged being informed by the City's attorney at the February 8th hearing of the existence of the two deeds conveying the Greene County properties to her and her brothers. Moreover, the Debtor admitted that she was familiar with the properties and knew exactly what properties the City's attorney was talking about at the February 8th hearing. The Debtor stated that, at that time, she believed the Greene County properties were

owned solely by her mother because her stepfather had passed away.

At the trial here, the Debtor stated that she never inquired of her mother about the deeds despite also testifying that she speaks with her mother daily. Likewise, the Debtor stated that she had never discussed ownership of the properties with her brothers. The Debtor further testified that, although she was familiar with where deeds are recorded at the county courthouse, she was unable to investigate what she had heard from the City's attorney herself due to her home confinement restrictions. The Debtor did claim to have sent her daughter to the office of the Greene County Recorder on three occasions to determine whether there were any recorded deeds. The Debtor's daughter was not present to testify about her investigation and, accordingly, the results of her inquiries are unknown.

The trial concluded with arguments from the parties. The matter is ready for decision.

## II. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. An objection to discharge is a core proceeding. *See* 28 U.S.C. §157(b)(2)(J).

## III. LEGAL ANALYSIS

A Chapter 7 discharge represents one of the primary goals of bankruptcy relief — to provide the debtor with a "fresh start." *See Grogan v. Garner*, 498 U.S. 279, 286-87 (1991); *In re Clarke*, 332 B.R. 865, 869 (Bankr. C.D. Ill. 2005). However, a discharge is only for the "honest but unfortunate debtor." *Grogan*, 498 U.S. at 286-87. As such, the Bankruptcy Code requires debtors to accurately and truthfully present themselves before the Court. *See Clarke*, 332 B.R. at 869. Because of the harsh consequences of a denial of discharge, objections to discharge are construed liberally in favor of debtors and strictly against creditors. *See In re Juzwiak*, 89 F.3d 424, 427 (7th

Cir. 1996); *Clarke*, 332 B.R. at 869. A plaintiff bears the burden of proof regarding an objection to a debtor's discharge. *See* Fed. R. Bankr. P. 4005; *First Federated Life Ins. Co. v. Martin (In re Martin)*, 698 F.2d 883, 887 (7th Cir. 1983). Thus, a plaintiff must prove every element of an objection to discharge by a preponderance of the evidence. *See In re Scott*, 172 F.3d 959, 966-67 (7th Cir. 1999). "However, once the plaintiff has established that the acts complained of occurred, the burden of production shifts to the debtor, who must then come forward with a credible explanation of [her] actions." *In re Costello*, 299 B.R. 882, 894 (Bankr. N.D. Ill. 2003) (citing *In re Martin*, 698 F.2d at 887).

*A. Concealment under 11 U.S.C. §727(a)(2)(A)*

Section 727(a)(2)(A) provides, in part:

(a) The court shall grant the debtor a discharge, unless—

. . .

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition[.]

11 U.S.C. §727(a)(2)(A).

Accordingly, in order to prevail on a §727(a)(2)(A) claim, a plaintiff must prove two things: (1) the debtor transferred or concealed property of the estate, and (2) the debtor intended to hinder, delay, or defraud creditors. *See In re Kontrick*, 295 F.3d 724, 736 (7th Cir. 2002). In addition, the debtor's actions must have occurred within one year prior to filing for bankruptcy relief. *Id.*

Concealment for purposes of §727(a)(2)(A) consists of "failing or refusing to divulge information to which creditors were entitled." *In re Stamat*, 395 B.R. 59, 70 (Bankr. N.D. Ill. 2008),

*aff'd sub nom. Neary v. Stamat*, 2009 WL 2916834 (N.D. Ill. Sept. 2, 2009), *aff'd*, 635 F.3d 974 (7th Cir. 2011) (citing *In re Holstein*, 299 B.R. 211, 229 (Bankr. N.D. Ill. 2003)). Concealment may occur even if creditors are not harmed by it. *Scott*, 172 F.3d at 968. And while the ultimate burden of persuasion rests with the plaintiff, a debtor cannot prevail if a *prima facie* case has been made and the debtor is unable to rebut that case with credible evidence. *Stamat*, 395 B.R. at 70.

Denial of discharge under §727(a)(2) requires proof of actual intent to hinder, delay, or defraud a creditor. *In re Snyder*, 152 F.3d 596, 601 (7th Cir. 1998). The issue of intent is a question of fact, and such intent can be inferred from extrinsic evidence. *See Clarke*, 332 B.R. at 870. Intent to defraud involves a material misrepresentation that one knows to be false, or an omission that one knows will create an erroneous impression. *See In re Chavin*, 150 F.3d 726, 728 (7th Cir. 1998). Fraudulent intent can be demonstrated by showing that the debtor acted with "reckless disregard," or the state of mind present when a debtor does not care about the truth or falsity of a statement, which is equivalent to knowing that a representation is false and material. *See id.* And again, once a plaintiff has met its burden, the burden of production shifts to the debtor to provide a credible explanation for her actions. *Costello*, 299 B.R. at 894.

The Court finds that the Debtor concealed property of the estate with an intent to hinder, delay, or defraud creditors. It is undisputed that the Debtor holds a remainder interest in the Greene County properties, and that she failed to disclose that interest on her bankruptcy schedules which were prepared within one year preceding the filing of her Chapter 7 petition. Her remainder interest in the Greene County properties is property of the estate. *See In re Yonikus*, 996 F.2d 866, 869 (7th Cir. 1993); *In re Hoblit*, 89 B.R. 756, 757 (Bankr. C.D. Ill. 1986) (debtor's contingent remainder interest is property of the estate). By failing to list that interest in her schedules, the Debtor concealed those assets of the estate from the Trustee and her creditors. *See In re Von Behren*, 314 B.R. 169, 177 (Bankr. C.D. Ill. 2004); *In re Mosher*, 417 B.R. 772, 784 (Bankr. N.D. Ill. 2009); *In re Leech*, 408

B.R. 222, 227 (Bankr. E.D. Wis. 2009).

The Debtor claims that she was unaware that her mother and stepfather had executed deeds granting remainder interests to her and her brothers, both at the time the deeds were executed and at the time of filing her Chapter 7 petition. But, the City presented evidence that the Debtor was aware of her remainder interest in the Greene County properties at the time of filing her bankruptcy petition. At trial, the Debtor acknowledged being informed of her remainder interest in the properties during the state court hearing on February 8, 2013, less than one month prior to filing for Chapter 7 relief. The Debtor did not offer any evidence that she was confused by the line of questioning at the February 8th hearing or that she otherwise had reason to doubt what she was told by the City's attorney about the deeds. To the contrary, she admitted she was familiar with the properties and easily identified the properties the City's attorney asked her about.

The Debtor claims that her home confinement sentence prevented her from discovering whether or not she actually held a remainder interest in the parcels. But, the Debtor never discussed the properties or the deeds with her mother or her brothers. And, she apparently failed to tell her bankruptcy attorney about the information she had received during the February 8th state court hearing. Despite having reason to believe that she held a remainder interest in the Greene County properties, the Debtor failed to undertake reasonable efforts to verify the ownership of the properties in question before filing bankruptcy.

At the very least, the Debtor showed reckless disregard for the truth of her schedules by filing documents that she knew or should have known were incomplete and inaccurate. *See Stamat*, 395 B.R. at 71. The Debtor's failure to disclose her interest in the Greene County properties on her bankruptcy schedules filed less than one month after being specifically informed of her interest in the properties is not excusable under the circumstances. Debtors have an absolute duty to report whatever interests they hold in property. *See Yonikus*, 996 F.2d at 871.

The fact that the Debtor eventually acknowledged that she had omitted her interest in the Greene County properties and subsequently amended her bankruptcy schedules to include the assets is not a defense. *See Leech*, 408 B.R. at 228. "Debtors should not be rewarded for omitting information about assets by allowing them to amend their schedules after they have been caught." *Stamat*, 395 B.R. at 76 (citing *Payne v. Wood*, 775 F.2d 202, 205 (7th Cir. 1985)).

The City has met its burden of proof with respect to the elements of §727(a)(2)(A). The Debtor must be denied a discharge.

*B. False Oath under 11 U.S.C. §727(a)(4)(A)*

The City also seeks to bar the Debtor's discharge under §727(a)(4)(A) of the Code, which provides, in part:

(a) The court shall grant the debtor a discharge, unless—

. . .

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account[.]

11 U.S.C. §727(a)(4)(A).

Section 727(a)(4)(A) is intended to enforce a debtor's duty of disclosure and to ensure that the debtor provides reliable information to those who have an interest in the administration of the estate. *Clarke*, 332 B.R. at 872. Under §727(a)(4)(A), a plaintiff must establish five elements:

(1) the debtor made a statement under oath;

(2) the statement was false;

(3) the debtor knew that the statement was false;

(4) the debtor made the statement with the intent to deceive; and

(5) the statement related materially to the bankruptcy estate.

-8-

*In re Bailey*, 147 B.R. 157, 162 (Bankr. N.D. Ill. 1992).

The first two elements — a statement made under oath which is false — are clearly satisfied. The Debtor failed to include her interest in the Greene County properties in her original bankruptcy schedules. Omissions from bankruptcy schedules constitute a false oath for purposes of §727(a)(4)(A). *Leech*, 408 B.R. at 225 (citations omitted).

As to the third and fourth elements, the City must prove that the Debtor made the statements with fraudulent intent. *See Clarke*, 332 B.R. at 872. Actual knowledge that a statement is false and a conscious intent to deceive are not always necessary to show fraudulent intent. *See Leech*, 408 B.R. at 226. Rather, fraudulent intent can also be found where the debtor has demonstrated a reckless disregard for the truth. *See id.* "If a debtor's bankruptcy schedules reflect a 'reckless indifference to the truth,' then the plaintiff seeking denial of discharge need not offer any further evidence of fraud." *Clarke*, 332 B.R. at 872 (citing *In re Calisoff*, 92 B.R. 346, 355 (Bankr. N.D. Ill. 1988)). It is a debtor's role to consider the questions posed on the schedules and at the creditors' meeting carefully and answer them accurately and completely. *Clarke*, 332 B.R. at 872.

The Debtor testified to having been informed of her remainder interest in the Greene County properties during state court proceedings less than one month before filing her Chapter 7 petition. She also testified that she was familiar with the tracts identified at the earlier proceeding, recognizing them as belonging to her mother. Despite having this information, the Debtor made no effort to determine whether she in fact did hold an interest in the properties. When the Debtor prepared and filed her original Schedule A on March 7, 2013, she was aware of the strong possibility that she held an interest in the Greene County properties. In short, by failing to disclose this property interest, despite having reason to believe it existed, the Debtor demonstrated reckless disregard for the truth in preparing and filing her bankruptcy schedules. "Debtors have the ultimate responsibility for the accuracy of the information contained in their schedules, which cannot be avoided by playing

ostrich." *In re Wilson*, 290 B.R. 333, 340 (Bankr. C.D. Ill. 2002) (citation omitted).

Finally, the City must show that the Debtor's false oath related materially to the bankruptcy case. "A statement is considered material for purposes of §727(a)(4)(A) if it relates to the debtor's estate, involves the discovery of assets, or concerns the disposition of the debtor's property or [her] entitlement to discharge." *Stamat*, 395 B.R. at 74 (citing *Costello*, 299 B.R. at 900). The omission of assets from schedules is material to the bankruptcy case. The Debtor's failure to disclose her remainder interest in the Greene County properties hindered the administration of the estate and obfuscated her true financial situation. *Clarke*, 332 B.R. at 873. The value of the Greene County properties as now disclosed is substantial and, without question, material.

Having considered the evidence and the credibility of the witness, the Court finds that the City has proven each element under §727(a)(4)(A) by a preponderance of the evidence. Therefore, the Debtor's discharge must be denied.

### CONCLUSION

The City presented evidence that the Debtor was aware of her interest in the Greene County properties at the time of filing her bankruptcy petition and schedules, and the Debtor introduced no evidence to the contrary. Under the circumstances, the Debtor's failure to disclose assets demonstrates a reckless disregard for the truth that supports this Court's finding that she concealed assets and made a false oath. For the foregoing reasons, the City's objections to the Debtor's discharge under 11 U.S.C. §727(a)(2)(A) and §727(a)(4)(A) will be sustained.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###